**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-2180**

KAI CHEN,

        Petitioner,

     v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

**No. 07-1921**

KAI CHEN, a/k/a Di Di Huang, a/k/a Chen Kai,

        Petitioner,

     v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petitions for Review of Orders of the Board of Immigration Appeals.

Submitted: August 7, 2009     Decided: August 27, 2009

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

Petitions denied by unpublished per curiam opinion.

Troy Nader Moslemi, ALL PEOPLES LAW CENTER, P.A., Miami, Florida, for Petitioner in No. 06-2180; Gary J. Yerman, YERMAN & ASSOCIATES, New York, New York, for Petitioner in No. 07-1921. Jeffrey S. Bucholtz, Acting Assistant Attorney General, Carol Federighi, Senior Litigation Counsel, Jonathan Robbins, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated petitions for review, Kai Chen, a native and citizen of the People's Republic of China, petitions for review of two separate orders of the Board of Immigration Appeals ("Board") (1) adopting and affirming the immigration judge's decision, which denied his requests for asylum, withholding of removal, and protection under the Convention Against Torture; and (2) denying his motion to reopen.

In Case No. 06-2180, Chen first argues that the Board and immigration judge erred in finding that he failed to meet his burden of establishing his eligibility for asylum. The record reveals, however, that the asylum application was denied on the ground that Chen failed to establish by clear and convincing evidence that he filed his asylum application within one year of his arrival in the United States. We lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2006), even in light of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231. See Gomis v. Holder, __ F.3d __, 2009 WL 1912622, *5 (4th Cir. 2009). Given this jurisdictional bar, we cannot review the underlying merits of Chen's asylum claim.

Chen also contends that the Board and immigration judge erred in denying his request for withholding of removal.

3

"Withholding of removal is available under 8 U.S.C. § 1231(b)(3) if the alien shows that it is more likely than not that h[is] life or freedom would be threatened in the country of removal because of h[is] race, religion, nationality, membership in a particular social group, or political opinion." Gomis, __ F.3d at __, 2009 WL 1912622 at *5; see 8 U.S.C. § 1231(b)(3) (2006). Based on our review of the record, we find that Chen failed to make the requisite showing before the immigration court. We therefore uphold the denial of his request for withholding of removal.

We also find that substantial evidence supports the finding that Chen failed to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2009). We find that Chen failed to make the requisite showing before the immigration court. Accordingly, we deny the petition for review in Case No. 06-2180.

In Case No. 07-1921, Chen challenges the Board's denial of his motion to reopen. We have reviewed the record and the Board's order and find no abuse of discretion. We therefore deny the petition for review substantially for the reasons stated by the Board. See In re: Chen (B.I.A. Aug. 31, 2007).

4

We note that Chen's argument that he is entitled to file an untimely application for relief from removal based on changed circumstances, see 8 U.S.C. § 1158(a)(2)(D) (2006), without meeting the requirements for filing a motion to reopen, is squarely foreclosed by our recent decision in Zheng v. Holder, 562 F.3d 647 (4th Cir. 2009).

Accordingly, we deny the petitions for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITIONS DENIED

5